**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JOREL SHOPHAR, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **Case No. 1:22-cv-02333** |
| | ) | |
| **KATHLEEN SLOAN, et al.,** | ) | **Judge: Franklin U. Valderrama** |
| | ) | **Magistrate Judge: Jeffrey L.** |
| **Defendants.** | ) | **Cummings Random** |
| | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS ERICA MILLER AND KATHLEEN
SLOAN'S MOTION TO DISMISS**

## I.  Nature of the Matter.

On May 4, 2022, Plaintiffs filed this lawsuit against Defendant Sloan, a Judge in the 10th Judicial District, Johnson County, State of Kansas and Defendant Miller, an Assistant District Attorney for Johnson County, Kansas, and others.  Amended Complaint (ECF No. 48), pp. 67-68. Plaintiffs filed their lawsuit in this Court even though the alleged wrongful actions or conduct of Defendants Miller and Sloan is essentially non-existent.  Plaintiffs' claims are based on various acts by Defendants Sloan and Miller in a state court child in need of care case ("CINC") involving Plaintiffs filed in the District Court of Johnson County, Kansas. Amended Complaint (ECF No. 48).  As a result, Plaintiffs cannot establish that jurisdiction or venue is proper in this Court or that he otherwise has any viable claim against Defendants Sloan or Miller.  Defendants Sloan and Miller specifically join in the contemporaneously filed motions to dismiss of co-Defendants and, as addressed below, additionally seek dismissal based on absolute, qualified and Eleventh Amendment immunities.  Accordingly, this Court should dismiss Plaintiffs' Amended Complaint (ECF No. 48) or, at a minimum, transfer this action to the U.S. District Court for the District of Kansas pursuant to 28 U.S.C. § 1404.

## II.  Statement of Facts.

Because this matter is before the Court on a motion to dismiss, the facts are those alleged in Plaintiffs' Amended Complaint (ECF No. 48) and other documents referenced or relied upon in their Amended Complaint (ECF No. 48).  The following facts are highlighted for purposes of Defendants' motion:

1.      "Kathleen Sloan, is a 'Child in Need Care' ("CINC") District Judge in Johnson County, and is sued in her official capacity for Injunctive Relief and Declaratory Judgement due to nefarious orders, egregious orders, and discriminatory orders" against Plaintiff Jorel Shophar and for "deprivation against" Plaintiff Raphah Shophar". Amended Complaint (ECF No. 48), p. 6 ¶ 4.

2.       "Erica Miller is an Assistant District Attorney in Johnson County, and is sued in her official office, for Injunctive Relief and Declaratory Judgement in her capacity as an Assistant District Attorney, who has committed defamation, libel, slander, and false reporting against Shophar, who is also complicit with the actions of Defendant Sloan, who also aided and abetted a criminal."  Amended Complaint (ECF No. 48), p. 17 ¶ 43.

3.      Plaintiffs' claims are based on various acts by Defendants Sloan and Miller in child custody cases involving Plaintiffs filed in the District Court of Johnson County, Kansas. Exhibits 12, 13 & 15 to Plaintiffs' Amended Complaint (ECF No. 48).

## III.  Questions Presented.

A.      Whether Plaintiffs' claims should be dismissed for lack of jurisdiction, improper venue or any other reason set forth in the motions to dismiss filed by co-Defendants?

B.      Whether Plaintiffs' claims against Defendants Sloan and Miller are barred by absolute, qualified or Eleventh Amendment immunities?

IV.     <u>Argument and Authorities</u>.

**A.     Plaintiffs' Claim Against Defendants Sloan and Miller Should Be Dismissed.**

Plaintiffs assert claims pursuant to §§ 1983 & 1985 based on alleged violations of their rights under the First, Fourth, Sixth and Fourteenth Amendments to the U.S. Constitution.  First Amended Compliant (ECF No. 48), p. 4 ¶ 1. Factually, Plaintiffs' claims are primarily premised on the proceedings in a child in need of care ("CINC") case in the State of Kansas.  Plaintiffs are dissatisfied with the outcome of the proceedings in the state court of Kansas and now seek to collaterally attack those orders by filing a civil action in federal court against everyone they perceive to have been involved in the Kansas state court proceedings.  Plaintiffs are essentially suing Defendants Sloan and Miller under § 1983 for their actions taken in their respective roles as a Kansas District Court Judge and as a Kansas Assistant District Attorney. First Amended Compliant (ECF No. 48), p. 6 ¶ 4 &  p. 17 ¶ 43 (although it is not entirely clear, Plaintiffs may be suing Defendant Miller only in her official capacity).

**1.     Defendants Sloan and Miller join in and incorporate by reference the Motions to dismiss filed by co-Defendants.**

Defendants Sloan and Miller seek dismissal on all bases set forth in the Motions of co-Defendants, including but not limited to improper venue and lack of jurisdiction.

**2.     Defendants Sloan and Miller, in their Individual Capacities (if any), are entitled to dismissal based on absolute or qualified immunity.**

Absolute judicial immunity is a well-established and settled doctrine. <u>See</u> <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978); <u>Pierson v. Ray</u>, 386 U.S. 547 (1967).  A judge is only liable for those acts taken in the clear absence of all jurisdiction.  <u>Bradley v. Fisher</u>, 80 U.S. 335, 351 (1872). <u>Brookings v. Clunk</u>, 389 F.3d 614, 617 (6th Cir. 2004) ("In fact, judicial immunity

3

applies to acts performed maliciously and corruptly as well as acts performed in bad faith or with malice as has been alleged in this case.").  The doctrine is so well established that asserting claims against a judicial officer can warrant sanctions.  See Marley v. Wright, 137 F.R.D. 359 (W.D.Okla. 1991).  Absolute immunity generally extends to actions of a prosecutor.  See Imbler v. Pachtman, 424 U.S. 409 (1976).  Here, Defendants Sloan and Miller are being sued solely based on actions they allegedly took in their respective roles as the judge and assistant district attorney ("prosecutor") in the underlying Kansas state court CINC case.  Accordingly, Plaintiff's claims against both Defendant Sloan and Miller are barred by absolute immunity and must be dismissed.

### 3. Defendants Sloan and Miller, in their individual capacities (if any), are also entitled to dismissal of Plaintiff's claim based on qualified immunity.

The issue of qualified immunity is a question of law for the Court's determination. Mitchell v. Forsyth, 472 U.S. 511, 528 n. 9 (1985). Like absolute immunity, qualified immunity is a complete defense to suit and should be determined at the earliest possible stage in the litigation before any further proceedings in the matter, including discovery, are allowed. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Anderson v. Creighton, 483 U.S. 635, 646 n. 6 (1986) ("one of the purposes of the Harlow qualified immunity standard is to protect public officials from the broad-ranging discovery that can be particularly disruptive of effective government. [citation omitted] For this reason, we emphasize that qualified immunity questions should be resolved at the earliest possible stage of a litigation."); see also Hunter v. Bryant, 502 U.S. 224, 227 (1991). Here, Defendants Sloan and Miller are entitled to dismissal of Plaintiffs' § 1983 claim based on qualified immunity.

The qualified immunity doctrine shields government officials, such as Defendants Sloan and Miller, from personal liability under § 1983 "unless their conduct violates 'clearly established

statutory or constitutional rights of which a reasonable person would have known.'" <u>Baptiste v. JC Penney Co., Inc.</u>, 147 F.3d 1252, 1255 (10th Cir. 1998) (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982)). To overcome the defense of qualified immunity, plaintiff must overcome a "heavy two-part burden." <u>Albright v. Rodriquez</u>, 51 F.3d 1531, 1534 (10th Cir. 1995). Plaintiffs must show (1) "that the defendant's actions violated a constitutional or statutory right" and (2) that the right "allegedly violated [was] clearly established at the time of the conduct at issue." <u>Id.</u>

**a.    Under the pleading standards of the Federal Rules of Civil Procedure, the alleged actions of Defendants Sloan or Miller do not violate Plaintiffs' rights under the First, Fourth, Sixth or Fourteenth Amendments to the U.S. Constitution so as to create a viable cause of action pursuant to §§ 1983 or 1985.**

The first part of the test for whether qualified immunity applies is simply whether Plaintiff has actually plead a viable constitutional (or statutory) claim sufficient for a §§ 1983 or 1985 action. <u>Albright</u> at 1534. Plaintiff here has not done so as the totality of his allegations against Defendants Sloan and Miller reflect nothing more that disagreement with the outcome of the CINC proceedings.

**b.    The alleged actions of Defendants Sloan or Miller did not violate Plaintiff's rights under the First, Fourth, Sixth or Fourteenth Amendments to the U.S. Constitution so as to create a viable cause of action pursuant to §§ 1983 or 1985 under the clearly established law at that time.**

Even if the Court were to conclude that Plaintiff had somehow plead sufficient facts to support a viable §§ 1983 or 1985 claim against Defendants Sloan or Miller, qualified immunity would still exist because there is no U.S. Supreme Court or Tenth Circuit (Tenth Circuit jurisprudence should be considered in this context because the actions complained of took place

in that Circuit) authority supporting the proposition that the actions of either Judge Sloan or Assistant District Attorney Miller in the Kansas state court CINC case could violate Plaintiffs' First, Fourth, Sixth or Fourteenth Amendment rights. Plaintiffs certainly did not cite to any such authority. Once the defense of qualified immunity is raised, Plaintiffs have the initial burden of directing the court to supporting authority. See Gutierrez v. Cobos, 841 F.3d 895, 901–02 (10th Cir. 2016). In the absence of such authority, Plaintiffs' claims against Defendants Sloan and Miller must be dismissed based on qualified immunity.

> **3.     Plaintiff's Claim Against Defendants Sloan and Miller, in their Official Capacities (if any), Should Be Dismissed. To the extent Plaintiff is attempting to sue Defendants Sloan or Miller in their official capacities such claims are barred by the 11th Amendment to the U.S. Constitution.**

Official capacity suits against state officials or employees under §§ 1983 or 1985 are treated as if against the state itself. Hafer v. Melo, 502 U.S. 21, 25 (1991) (*citing* Kentucky v. Graham, 473 U.S. 159, 166 (1985). The Eleventh Amendment applies to shield the state and "arms of the state" from suit in federal court. Duke v. Grady Mun. Sch., 127 F.3d 972, 974 (10th Cir. 1997) (citations omitted). The Eleventh Amendment confirms the sovereignty of the states by providing a shield from suits by individuals absent state consent. Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996). To ensure the enforcement of federal law, however, the Eleventh Amendment does permits suits against state officials and employees in their official capacities when plaintiff seeks only prospective injunctive relief for a federal violation. *Ex Parte* Young, 209 U.S. 123 (1908); see also Barger v. State of Kan., 620 F.Supp. 1432, 1436 (D. Kan. 1985). Thus, for official capacity claims, federal courts may grant prospective equitable relief, including appropriate ancillary measures, but cannot award retrospective relief such as damages and

declaratory relief. <u>Meiners v. Univ. of Kan.</u>, 359 F.3d 1222, 1232–33 (10th Cir. 2004); <u>Medcalf v. State of Kan.</u>, 626 F. Supp. 1179, 1183–84 (D. Kan. 1986) (*citing* <u>Pennhurst State Sch. & Hosp.</u>, 465 U.S. 89, 118–20 (1984)). Thus, to the extent Plaintiffs are seeking damages or declaratory relief against Defendants Sloan or Miller, in their official capacities, Plaintiffs §§ 1983 and 1985 claims are barred by 11th Amendment immunity.

### V.    <u>Conclusion.</u>

For all the foregoing reasons, this Court should grant Defendants Sloan and Miller's Motion and issue an order dismissing this action in its entirety or, alternatively, transferring this action to the U.S. District Court for the District of Kansas due to improper venue.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS, P.A.
505 North 7th Street
St. Louis, Missouri 63103
Telephone:    (314) 621-1133
Facsimile:    (314) 621-4405
E-mail:        gcook@mvplaw.com

By: /s/ Gregory T. Cook
        GREGORY T. COOK         #6288087

*Attorneys for Defendants Erica Miller and Kathleen Sloan*

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th day of July, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to Plaintiffs, *pro se,* and all counsel of record.

/s/ Gregory T. Cook

7