3052661-ELM                                                          #6278008

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOREL SHOPHAR, ET AL. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-02333 |
| | ) | Hon. Franklin U. Valderrama |
| KATHLEEN SLOAN, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' JOINT MOTION TO STAY DISCOVERY

The Defendants, Pathway Family Services, LLC ("Pathway"), KVC Health, KVC Niles, Kathleen Sloan, Erica Miller, Cornerstones of Care and the Johnson County, Kansas Board of Commissioners (hereinafter collectively the "Moving Defendants" or "Defendants"), by and through their respective counsel, pursuant to Fed. R. Civ. Proc. 26(c), respectfully move to stay discovery in this case until a reasonable time after all the Defendants' Motions to Dismiss have been resolved. *See* Dkt Nos. 55-56, 58-59, 61-62, 66-70. In support of their Motion, the Moving Defendants set forth the following:

Plaintiffs initially filed their Complaint in the U.S. District Court for the Northern District of Illinois on May 4, 2022 (Dkt. No. 1), and filed an Amended Complaint on June 13, 2022 (Dkt. No. 48). Generally, Plaintiffs allege that the various defendants have deprived and denied Plaintiff Jorel Shophar access to his minor children who are currently living in the State of Missouri, and have defamed his character in various state court custody proceedings. With the exception of defendants Richard Klein and Paul Lafleur, who have not appeared or filed responsive pleadings, all defendants have filed Motions to Dismiss asserting various challenges to subject-matter jurisdiction under Fed. R. Civ. Proc. 12(b)(1), personal jurisdiction under Fed. R. Civ. Proc.

1

12(b)(2), venue under Fed R. Civ Proc. 12(b)(3), failure to state a claim under Fed. R. Civ. Proc. 12(b)(6) and the *pro se* Plaintiffs' lack of standing to bring claims on behalf of the minor children. Furthermore, some of the defendants have raised in their respective Motions to Dismiss various immunity arguments including absolute, qualified and Eleventh Amendment immunity defenses. Briefing on these motions will be completed by September 2, 2022. *See* Dkt. Nos. 64 and 71.

"A court may stay discovery through an exercise of its inherent authority to manage litigation or through its authority under Federal Rule of Civil Procedure 26(c)." *AOT Holding AG v. Archer Daniels Midland Co.*, No. 19-2240, 2020 WL 1472266, at *1 (C.D. Ill. Jan. 22, 2020). In deciding whether to enter a stay of discovery, "courts consider the following factors: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer v. Apotex, Inc.*, 640 F.Supp.2d 1006 (N.D. Ill. 2009); *see also Coss v. Playtex Prod., LLC*, No. 08 C 50222, 2009 WL 1455358 (N.D. Ill. May 21, 2009) (discovery stay was warranted where the court found the case was complex and would entail burdensome and costly discovery). Here, all three factors weigh in favor of staying discovery in this case.

Furthermore, Courts in this Circuit have found that a stay of discovery is generally appropriate "when a party raises a potentially dispositive threshold issue such as a challenge to a plaintiff's standing, or pending resolution of qualified immunity claims." *AOT Holding AG v. Archer Daniels Midland Co.*, No. 19-2240, 2020 WL 1472266, at *1 (C.D. Ill. Jan. 22, 2020). "Regarding the assertion of qualified immunity, in *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), the Supreme Court made clear that [u]ntil this threshold question is resolved, discovery should not be allowed." *Simstad v. Scheub*, No. 2:07 CV 407, 2008

2

WL 1914268, at *1 (N.D. Ind. Apr. 29, 2008) (internal quotations omitted) (*citing Landstrom v. Illinois Dep't of Child. & Fam. Servs.*, 892 F.2d 670, 674 (7th Cir. 1990) (finding the district court did not abuse its discretion by staying discovery pending resolution of qualified immunity claims)).

In this case, no party will be unduly prejudiced or tactically disadvantaged by a stay of discovery until the pending Motions to Dismiss have been ruled on. In the Joint Initial Status Report, Plaintiffs indicated they "will wait on the Courts ruling on pending Motion." *See* Dkt. No. 75, p. 6. Plaintiffs' seventy-page Amended Complaint asserts varied causes of action against the defendants for emotional distress, discrimination, defamation, libel, and slander, as well as a request for injunctive relief, and it is directed against a Kansas District Court Judge, a Kansas Assistant District Attorney, a Kansas County government, Kansas and Missouri private agencies, and various individuals, stemming from Plaintiffs' view that various state court child custody orders were wrongfully decided. The Amended Complaint is a mishmash of allegations concerning various state court child custody decisions adverse to Plaintiff Jorel Shophar in multiple states other than Illinois, and attempting to parse out what allegations pertain to which defendant is nearly an impossible task based on the manner in which the Amended Complaint was drafted.

Under the current briefing schedules set by the court, the last Motion to Dismiss will be fully briefed by September 2, 2022, and the parties anticipate Judge Valderrama will issue his rulings thereafter. A lengthy stay of discovery is not being sought as the defendants are only seeking a stay until a reasonable time after Judge Valderrama has issued his rulings on the Motions to Dismiss since it will become clear which defendants will remain in the case and whether any of Plaintiffs' claims will stand. This will help clarify what discovery may be needed. Further, if the court grants any of the Motions to Dismiss based on the lack of subject-matter jurisdiction, no

3

further proceedings may be needed in this court whatsoever. Further, no prejudice exists in granting a brief stay of discovery pending a ruling on the several Motions to Dismiss as this case is still in its early stages as only the First Amended Complaint has been filed, various Motions to Dismiss filed in response, and not all named defendants have even yet entered an appearance or responded to the Amended Complaint. Moreover, no prejudice exists for a stay given that three of the five pending Motions to Dismiss are already fully briefed and ripe for a ruling by the Court, and the last Motion to Dismiss will be fully briefed by September 2, 2022.

In addition to clarifying which defendants and claims will stand, the rulings on the various Motions to Dismiss will further simplify the litigation by helping the parties determine the number and identities of potential deponents in the case. As Plaintiffs' Amended Complaint sets forth, the allegations stem from state court proceedings in the States of Missouri, Kansas, and Michigan. Some of the defendants named in the instant suit were not parties and had little to no involvement in certain state court proceedings, yet Plaintiffs have mashed the various custody proceedings and the defendants together. It will take significant time and expense to obtain records from these various court proceedings, to determine what witnesses may have information about these proceedings and what relationship these witnesses may have to claims against the individual defendants. However, much of this may not be necessary depending on the outcome of the Motions to Dismiss, which would streamline the litigation. Furthermore, the Defendants have raised threshold jurisdictional issues on immunity and personal jurisdictional grounds. Courts in this District and the Seventh Circuit have found that a stay of discovery is warranted where jurisdictional challenges, and particularly the application of immunity arguments, are raised such as in the present case. *See Witz v. Great Lakes Educ. Loan Servs., Inc.*, No. 19-CV-06715, 2020 WL 8254382, at *2 (N.D. Ill. July 30, 2020) ("In some more straightforward and familiar

4

circumstances (such as the application of qualified immunity), a stay of discovery might be appropriate where a defendant has raised a jurisdictional challenge.").

Additionally, waiting until Judge Valderrama rules whether the Plaintiffs have legal standing to bring this lawsuit on behalf of Plaintiff Jorel Shophar's minor children, whom he acknowledges are not in his custody, is essential to this claim moving forward. *See* Dkt No. 62, p. 9-11. Plaintiff Jorel Shophar is seeking, amongst other things, medical and other records concerning his minor children. In order to release records to the Plaintiffs, the various defendants will need duly-executed releases by the minors' legal representatives since neither parent has custody of the children, especially since some of the records may concern mental health. Particularly, Pathway Family Services, LLC's Kansas-licensed Psychiatric Residential Treatment Facility (PRTF) may not release records pertaining to one of the minor children without a duly-executed release by the child's legal representative or guardian. As Plaintiffs allege, the child was placed in Pathway's PRTF by order of a Kansas state court, and both federal and state law indicate the child's legal representative, which is not Plaintiff Jorel Shophar, must provide consent to release and inspect the child's records. *See* Dkt. No. 73, p. 9; *see also* 45 C.F.R. § 164.502(g) and K.S.A. 38-2217. Therefore, a consent form must be received from the child's current legal representative in order for Pathway to release the information that has been requested, even if the release of information occurs in the course of discovery. Furthermore, if the Court determines that the *pro se* Plaintiffs have no standing to pursue the minor children's claims in this action absent legal representation, as raised in Defendants' Motions to Dismiss, then discovery of the minor children's medical and mental health records would be irrelevant and unnecessary.

Finally, staying discovery until a reasonable time after Judge Valderrama rules on the pending Motions to Dismiss will reduce the burden of litigation on the parties and on the court.

As set forth above, the pending rulings will determine whether this lawsuit proceeds in any fashion given the jurisdictional challenges the defendants have raised, and to set a discovery schedule before it is made clear whether the court will allow Plaintiffs to move forward with any claims, let alone against specific defendants, seems premature and a burden on the Court's and the parties' resources. Engaging in what is likely to be extensive motion practice concerning discovery-related issues when the number of parties and claims to stand is uncertain imposes a burden on all the parties, including the Plaintiffs. Such a burden on resources can be avoided by allowing a reasonable stay of discovery pending the outcome of Judge Valderrama's rulings on the Motions to Dismiss. As the case currently sits, Plaintiffs' claims necessarily involve a broad scope of discovery which will be both costly and onerous on the defendants and Plaintiffs. A discovery stay will conserve the parties' and Court's resources and preserve the opportunity to conduct narrowed and relevant to discovery to the remaining issues, claims and defendants in this case following a resolution on the pending Motions to Dismiss.

Therefore, for the foregoing reasons, the Moving Defendants respectfully request this court to stay discovery until 45 days after Judge Valderrama rules on the pending Motions to Dismiss.

Respectfully Submitted,

SMITHAMUNDSEN LLC

By: _____
Edna McLain         IL # 6278008
emclain@smithamundsen.com
SMITHAMUNDSEN LLC
150 North Michigan Ave., Ste. 3300
Chicago, IL 60601
(312) 894-3200 (Phone)
**ONE OF THE ATTORNEYS FOR DEFENDANT PATHWAY FAMILY SERVICES, LLC**

6

FRANKE SCHULTZ & MULLEN, P.C.

/s/ Danielle M. Uzelac
DEREK G. JOHANNSEN    MO #59195
DANIELLE M. UZELAC    MO #66291
8900 Ward Parkway
Kansas City, MO 64114
(816) 421-7100 Phone
(816) 421-7915 Fax
djohannsen@fsmlawfirm.com
duzelac@fsmlawfirm.com

/s/ David Boresi
David Boresi
IL Bar Number – 6187086
MO Bar Number – 33454
231 South Bemiston Avenue
Suite 1200
St. Louis, MO 63105
Phone# (314) 455-8300
Fax# (314) 455-8301
dboresi@fsmlawfirm.com
**ATTORNEYS FOR DEFENDANTS
KVC HEALTH AND KVC NILES**

/s/ Gregory T. Cook
GREGORY T. COOK
McANANY, VAN CLEAVE & PHILLIPS,
P.A.
505 North 7th Street
St. Louis, Missouri 63103
Telephone: (314) 621-1133
Facsimile: (314) 621-4405
gcook@mvplaw.com
**ATTORNEYS FOR DEFENDANT
ERICA MILLER AND KATHLEEN
SLOAN**

7

/s/ Joseph Pierotti
Joseph Pierotti
Michael Progar
Doherty & Progar, LLC
200 West Adams Street, Suite 2220
Chicago, Illinois 60606
jp@doherty-progar.com
mjp@doherty-progar.com
**Attorneys for Defendant Cornerstones of Care**

/s/ Eric Turner
Eric Turner, KS #25065
Foulston Siefkin LLP
Granted leave to appear pro hac vice
7500 College Boulevard, Suite 1400
Overland Park, KS  66210
(913) 498-2100
(913) 498-2101 FAX
eturner@foulston.com

and

Gia F. Colunga (Ill. ARDC No. 6282679)
Freeborn & Peters LLP
311 S. Wacker Drive, Suite 3000
Chicago, Illinois 60606
(312) 360-6000
gcolunga@freeborn.com
**Attorneys for Board
of County Commissioners
for Johnson County, Kansas**

8

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

And via US Mail to:

Krissy Gorski
Federal Correction Institution
#3000095031
Unit C
P.O. Box 1731
Waseca, MN  56093

_____
Edna McLain
ONE OF THE ATTORNEYS FOR
DEFENDANT PATHWAY FAMILY
SERVICES, LLC

9