IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JOREL SHOPHAR and RAPHAH SHOPAR,** | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| | ) No. 22 CV 2333 |
| v. | )<br>) |
| | ) Judge Franklin U. Valderrama |
| **KATHLEEN SLOAN, et al.,** | )<br>) |
| | ) Magistrate Judge Jeffrey I. Cummings |
| **Defendants.** | ) |

## ORDER

*Pro se* plaintiffs Jorel Shophar and his son Raphah Shah bring this action against ten defendants, including a state court judge and district attorney in Kansas, a Kansas municipal body, and a number of private family service providers, alleging, *inter alia*, that defendants have deprived Jorel access to his minor children and defamed his character in various state court custody proceedings with the mother of the children (also a named defendant here), Krissy Gorski. (*See* Dckt. #48 – Am. Compl.).[1] Currently before the Court is defendants' joint motion to stay discovery (Dckt. #87) pending the resolution of five motions to dismiss filed before the District Court Judge.[2] Each of the defendants that joined in the motion to stay have filed a

---

[1] This action is the latest of at least fifteen actions filed by Jorel Shophar arising out of his custody dispute. *See Shophar v. Gorski*, No. 17-CV-13322, 2018 WL 4442268, at **4-5 (E.D.Mich. Sept. 18, 2018), *aff'd*, No. 18-2115, 2019 WL 4849253 (6th Cir. Mar. 28, 2019) (observing that Shophar has filed lawsuits "against everyone who has been even tangentially involved in a custody dispute involving [his] children" and entering a permanent injunction precluding Shophar from further filing actions without leave of court); *see also Shophar v. Johnson Cnty., Kansas*, No. 20-CV-2280-EFM-TJJ, 2020 WL 7248207, at *3 (D.Kan. Dec. 9, 2020), *aff'd*, No. 20-3248, 2021 WL 3502938 (10th Cir. Aug. 10, 2021) ("Shophar has filed at least fifteen lawsuits in multiple jurisdictions, including the Sixth, Seventh, and Tenth Circuits . . . None of Shophar's lawsuits have been found to be meritorious.").

[2] The defendants that joined in the motion to stay are: Pathway Family Services, LLC, KVC Health, KVC Niles, Kathleen Sloan, Erica Miller, Cornerstone of Care, and the Johnson County, Kansas Board of Commissioners. Defendant Krissy Gorski is proceeding *pro se*, and defendants Richard Klein and Paul Lafleur have not yet appeared in this matter.

1

motion to dismiss arguing, among other things, that plaintiffs' complaint must be dismissed due to lack of subject matter and personal jurisdiction, absolute and qualified immunity, improper venue, and/or a lack of standing. (*See* Dckt. Nos. 55 & 56 – Sloan and Miller's Mot. to Dismiss; Nos. 58 & 59 – Pathway Family Services' Mot. to Dismiss; Nos. 61 & 62 – KVC Health and KVC Niles' Mot. to. Dismiss; Nos. 67 & 68 – Cornerstone of Care's Mot. to Dismiss; and Nos. 69 & 70 – Johnson County Board of Commissioner's Mot. to Dismiss). The motions to dismiss will be fully briefed before the District Court Judge as of September 2, 2022.

In the instant motion to stay, defendants argue that a stay of discovery is appropriate to best preserve the resources of the parties of the Court, and to allow the Court to resolve the important threshold issues raised in the motions. The Court agrees.

The Court has broad discretion in managing discovery under Rule 26. *Cent. States, Se. & Sw. Areas Pension Fund v. Waste Mgmt. of Michigan, Inc.*, 674 F.3d 630, 636 (7th Cir. 2012) (noting that "district courts enjoy broad discretion in controlling discovery.") (citation omitted); *see also* Fed.R.Civ.P 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."). In determining whether to grant a stay of discovery during the pendency of a motion to dismiss, a court may consider the following factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court. *Sadler as Tr. of Larry R. Sadler Irrevocable Tr. v. Retail Properties of Am., Inc.*, No. 12 C 5882, 2013 WL 12333447, at *1 (N.D.Ill. Sept. 27, 2013).

Here, each of the above factors weigh in favor of granting a stay of discovery. First, a stay will not unduly prejudice plaintiffs, who have "not identified any witnesses or documents

that will be lost or no longer discoverable if discovery is stayed." *Rodriguez v. Ford Motor Co.*, No. 21 C 2553, 2022 WL 704780, at *1 (N.D.Ill. Mar. 9, 2022). Although plaintiffs argue in their response that certain defendants are "invested in halt[ing] [the]release of records pertaining to [Jorel's] children," (Dckt. #91 at 10), plaintiffs have not persuasively argued that there is any risk that such records will be destroyed if a stay is granted. What is more, the "[t]he general prejudice of having to wait for resolution" of this matter is not a reason to deny a stay. *Id.*, *quoting Medline Industries, Inc. v. C.R. Bard, Inc.*, No. 17 C 7216, 2019 WL 10948865, at *2 (N.D.Ill. Sept. 10, 2019).

    Second, although plaintiffs have filed briefs in opposition to defendants' motions to dismiss, there is no question that the issues raised in each of the motions go to the heart of threshold issues before the Court, including whether the Court has subject matter and personal jurisdiction to resolve this case, issues of qualified and absolute immunity, and whether plaintiffs have standing to bring their claims in the first instance. Courts routinely grant stays when such threshold issues are pending before the Court. *See, e.g.*, *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *2 (N.D.Ill. Oct. 28, 2008) ("Stays are often deemed appropriate where the motion to dismiss can resolve a threshold issue such as jurisdiction, standing, or qualified immunity. . ."); *see also U.S. ex rel. Robinson v. Indiana Univ. Health Inc.*, No. 1:13-CV-02009-TWP, 2015 WL 3961221, at *7 (S.D.Ind. June 30, 2015) (noting that a stay may be justified where a party raises "a defect such as lack of jurisdiction, [which] affirmatively demonstrates that a case can go nowhere."). Moreover, having already filed response briefs, plaintiffs would be hard pressed to argue that they require certain discovery to properly respond. *See Sprague v. Brook*, 149 F.R.D. 575, 577 (N.D.Ill. 1993) ("A plaintiff's right to discovery

before a ruling on a motion to dismiss may be stayed when the requested discovery is unlikely to produce facts necessary to defeat the motion.").

Lastly, given the contentious and litigious history between the parties, an equally contentious discovery process here is likely. Accordingly, a stay on discovery will greatly reduce the burden of litigation on both the parties and the Court and streamline necessary discovery down the road. *See generally Piekarski v. Amedisys Illinois*, LLC, No. 12-CV-7346, 2013 WL 2357536, at *3 (N.D.Ill. May 28, 2013) (granting a stay that would "reduce the burden of litigation on the parties and the courts").

In sum: in light of the above factors and, within its discretion, the Court grants the defendants' joint motion to stay discovery. Fact discovery is stayed pending the District Court Judge's resolution of the motions to dismiss. Of course, the parties are reminded of their duty to preserve evidence relevant to the claims at issue in this litigation. *See Kucala Enterprises, Ltd. v. Auto Wax Co.*, No. 02 C 1403, 2003 WL 21230605, at *4 (N.D.Ill. May 27, 2003), *report and recommendation adopted as modified*, No. 02 C 1403, 2003 WL 22433095 (N.D.Ill. Oct. 27, 2003) ("Parties in litigation have a fundamental duty to preserve relevant evidence over which the non-preserving entity had control and reasonably knew or could reasonably foresee was material to a potential legal action.") (internal quotation and citation omitted).

**Date: September 9, 2022**

**Jeffrey I. Cummings**
**United States Magistrate Judge**